**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 06-22746-SEITZ/MCALILEY

CALVIN CLARENCE REED, in his
individual capacity, d/b/a C.C. REED FOR
GOVERNOR,

      Plaintiff,

v.

DIVISION OF ELECTIONS, Sue M. Cobb,
Secretary of State,

      Defendant.

_____/

**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR EMERGENCY**
**PRELIMINARY INJUNCTION AND CLOSING CASE**

THIS MATTER is before the Court on Plaintiff Calvin Clarence Reed's Complaint for

Emergency Preliminary Injunction and Application to Proceed Without Prepayment of Fees, filed on

November 8, 2006.  Plaintiff's Complaint seeks to invalidate the results of the November 7, 2006

Florida gubernatorial election, enjoin the commencement of Governor-Elect Charlie Crist's term

pending adjudication of this case, and have this Court review and count all write-in votes cast in the

election.  Plaintiff claims that he "generated more than enough [write-in] votes to become the next new

Governor of the State of Florida," but that write-in ballots cast for him were not taken into account,

apparently all as part of a ploy on the part of the Florida Division of Elections to rig the election.

Plaintiff asserts that he is the longest-running candidate since 1990.[1]

      Section 1915(a)(1) of Title 28 of the United States Code provides that a court may authorize the

---

[1]    The records of the United States District Court for the Southern District of Florida indicate that Plaintiff has previously filed at least one other, similar lawsuit contesting the 1998 gubernatorial election (Case No. 98-2933-CIV-Highsmith), which was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff also filed two other lawsuits in 1994:  Case No. 94-2652-CIV-Ungaro, against the State of Florida, former Governor Chiles, and the Supervisor of Elections, among others, was dismissed pursuant to 28 U.S.C. § 1915(d); and Case No. 94-2705-CIV-Highsmith, against a similar set of defendants, was also dismissed.

commencement and prosecution of a civil action without prepayment of fees and costs by a person who

makes affidavit that he is unable to pay such costs.  The statute further provides that:

> A court *shall* dismiss the case at any time if the court determines that the allegation of poverty is untrue or the action . . . is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

*Id.* § 1915(e)(2)(B) (emphasis added).

A complaint is frivolous where "it lacks an arguable basis in law or in fact."  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  "The term 'frivolous,' when applied to a complaint, embraces not

only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*  In *Neitzke*, the

Supreme Court also held that section 1915 gives district judges the authority to dismiss a claim based on

an indisputably meritless legal theory or on factual contentions that are clearly baseless, "a category

encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"  *Id.*  A finding of

frivolousness is appropriate when the facts alleged in the complaint "rise to the level of the irrational or

wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff's affidavit in support of his application to proceed *in forma pauperis* appears to provide

a basis for the required determination of poverty.  However, his Complaint for Emergency Preliminary

Injunction lacks an arguable basis in law or fact.  Plaintiff's factual allegations certainly "rise to the level

of the irrational or wholly incredible."  Moreover, he fails to state a claim upon which relief can be

granted, since the alleged facts – which are mostly conclusory in nature – do not support any cognizable

cause of action.  The Court concludes that Plaintiff's Complaint is subject to dismissal pursuant to 28

U.S.C. § 1915(e)(2)(B).  Accordingly, it is hereby

ORDERED that:

(1) Plaintiff's Complaint for Emergency Preliminary Injunction is DISMISSED pursuant to  28

U.S.C. § 1915(e)(2)(B);

(2) Plaintiff's Application to Proceed Without Prepayment of Fees is DENIED AS MOOT; and

(3) This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 14th day of November, 2006.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     Calvin Clarence Reed, *pro se*